UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RYAN O. GITTENS, | ) | CASE NO. 4:09 CV 1568 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| WARDEN RUSHING, et al., | ) | <u>AND ORDER</u> |
| | ) | |
| Respondents. | ) | |

On July 9, 2009, petitioner <u>pro se</u> Ryan O. Gittens filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. Gittens, who is incarcerated at the Northeast Ohio Correctional Center (NEOCC), alleges that he was stabbed by another NEOCC inmate who was known to have mental problems and had previously threatened other inmates and staff. It is further alleged, among other things, that Gittens did not receive appropriate medical treatment for his injuries, was denied telephone privileges and put on commissary restriction, and that his religiously based dietary needs were not accommodated. Gittens seeks transfer to another prison.

As a threshold matter, habeas corpus is not the appropriate vehicle for challenging the conditions of one's confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 498-99 (1973);

Young v. Martin, No. 02-2518, 83 Fed.Appx. 107, 109 (Dec. 5, 2003); Okoro v. Scibana, No. 1322, 1999 WL 1252871 (6th Cir. Dec. 15, 1999). Further, an inmate has no liberty interest in a prison transfer regardless of the differing conditions of confinement. Bazetta v. McGinnis, 430 F.3d 795, 804 (6th Cir. 2005)(citing Meachum v. Fano, 427 U.S. 215, 228 (1976)).

Accordingly, the petition for writ of habeas corpus is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                  /s/Dan Aaron Polster 9/9/09
                                                DAN AARON POLSTER
                                                UNITED STATES DISTRICT JUDGE